CUNNINGHAM *against* TRACY.

An heir at law claiming title by virtue of a deed to his ancestor, cannot, without accounting for the non-production of the original,

THIS was an action of ejectment for several pieces of land in *Norwich.* The defendant pleaded *No wrong nor disseisin ;* on which issue was joined to the court. The cause was tried at *New-London, September* term 1814, before *Trumbull, Smith,* and *Ingersoll,* Js.

On the trial, the plaintiff claimed title to the demanded

give in evidence an authenticated copy from the town records.

premises as heir at law of *Christopher Kilby*, late of *London*, deceased. And to establish a title in *Kilby*, the plaintiff offered in evidence a copy of a deed from *Ebenezer Backus* to *Kilby*, certified from the records of the town of *Norwich* by the town clerk; to the admission of which the defendant objected, on the ground that the plaintiff was bound to produce the original deed, or account for its non-production. This objection prevailed; and the court found the issue in favour of the defendant, and rendered judgment accordingly. The plaintiff moved for a new trial on the ground that the court mistook the law in rejecting the evidence offered; which motion was reserved for the advice of all the Judges.

*Denison*, in support of the motion, relied upon a long established practice in the courts of this state in cases where the party claims title by virtue of a series of conveyances anterior to the deed to himself, to admit certified copies of such conveyances from the town records. According to immemorial and universal usage in this state, the anterior title-deeds of an estate are not transmitted to the purchaser; and the practice of our courts in admitting authenticated copies has proceeded on the ground that the party is presumed not to be in possession of the originals. Is it not as reasonable a presumption that the heir is not put in possession of the deeds to his ancestor? In the first place, papers of this description more commonly go into the hands of the executor or administrator; and in the next place, no one heir is entitled to the custody of them more than the rest.

*Goddard*, contra, insisted that the heir at law, in this state as well as in *England*, is bound to produce the original deed to his ancestor from whom he claims title immediately. He cited *Phelps* v. *Yeomans*, 2 *Day's Ca.* 227. *Talcott* v. *Goodwin*, 3 *Day's Ca.* 264. *Swift's Ev.* 4.

SMITH, J. This is the naked question arising from the attempt of an heir to establish a title in an ancestor by producing a certified copy of a deed to the ancestor, which has been regularly recorded in the town clerk's office, agreeably to the laws of this state, without any claim that the original has been lost by time or accident, or in any way out of the power of the plaintiff to produce.

*New-Haven,*
November,
1814.

*Cunningham*
*v.*
Tracy.

Cunningham
v.
Tracy.

It is a general and well known rule of law, that when the plaintiff claims title to lands by a deed, it is necessary for him to produce on trial the original instrument, and prove its execution in the manner required by law. If it becomes necessary for him to prove a title in another under whom he claims, the same rule of evidence applies; and it may be laid down as a rule applicable to all cases, that wherever the plaintiff is bound to prove the execution of a deed in case the defendant denies it, he is of course bound to produce the original deed, or shew some reason for not producing it.

I am aware, that in this state, a long and universal practice has taken place of not passing the title deeds to the purchaser upon the sale of lands; which probably arose at a very early period in consequence of the law requiring all deeds to be recorded. In consequence of this practice, it becomes extremely difficult, if not impossible, in tracing a title through sundry prior conveyances, to produce the original deeds. The court have accordingly, in these cases, admitted certified copies from the town clerk's office; but they have also dispensed with proof of the execution of the original deeds, and considered these copies as *prima facie* evidence of title, so that if they are contested, the burden of proof devolves on the other party.

In this case, the plaintiff steps into the place of the ancestor, and is bound to establish a title in him by producing the original deed, and proving its execution. There is not even a presumption that the plaintiff is not possessed of the original deed. The heir has a right to the title deeds of the ancestor; and the usual course is to receive them.

The case of *Talcott*, assignee of *Sanford*, v. *Goodwin*, 3 *Day's Ca.* 264. I consider as in point, and decisive of the present question. In that case, this court decided, that an assignee under a commission of bankruptcy, to support an action of ejectment, was bound to produce the original deed to the bankrupt, and refused to admit a copy from the town clerk's office; and in my judgment, the reason is quite as strong why an heir should produce the original deed to his ancestor.

I am, therefore, of opinion, that the court were correct in rejecting a copy, and should not advise to a new trial.

In this opinion the other Judges severally concurred.

New trial not to be granted.