## MARY SARACENO *vs.* ANTONIO R. CARRANO.

First Judicial District, Hartford, March Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

An option to purchase land for a given sum if the owner desires or elects to sell it for that amount, is of but little value as a contract, since it cannot be enforced by either party against the will of the other.

An option to purchase land under an absolute agreement to sell must be exercised within a reasonable time, if no time is prescribed in the agreement; and the same rule applies to an owner who has the option to sell or not.

An owner will be presumed to have elected not to sell his property after refusing to part with it for nine years or more.

In the present case the plaintiff agreed to convey her land to the defendant for $11,200 when she might "elect" to do so, "meaning and intending to give to" the defendant "the option upon the purchase of said property, if" the plaintiff "at any time should desire to sell said property." *Held* that this created a double option: a promise to sell at the plaintiff's option to the defendant at his option; that such an agreement was manifestly unenforceable either by an action for specific performance or for damages for its breach, unless the plaintiff elected to sell and the defendant to buy at the same time; and that inasmuch as the plaintiff had retained her property for nine years or more, it would be presumed that she had made her choice and elected not to sell.

In all contracts to convey property at the option of the buyer or the seller, time is of the essence of the agreement.

Argued March 8th—decided May 8th, 1918.

ACTION to quiet the title to real estate and to remove an alleged cloud upon the plaintiff's title, brought to and tried by the Superior Court in Hartford County, *Gager, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error.*

The trial court has found these facts. On December 26th, 1907, the plaintiff and her son, being at that time the owners of the real estate described in the substituted complaint, made a contract with the defendant, agreeing to convey to him the said real property for the sum

of $11,200, on or before January 10th, 1908, and the defendant paid to the plaintiff and her son $500, as part of the purchase price. On January 10th, 1908, the parties to the contract, with their lawyers, met at the office of a real-estate broker. The defendant desired the conveyance to be completed as agreed, and was ready and willing to pay the price in the manner stated in the contract, but upon the request of the plaintiff, and wholly by reason of such request, the defendant released the plaintiff and her son from the agreement to sell. The plaintiff paid to the defendant $500, the amount paid her on December 26th, 1907, and in addition thereto the sum of $500 as damages for the plaintiff's failure to perform her contract, and the defendant gave a written receipt for the same.

Thereupon the plaintiff, with her son, made another agreement, in which they obligated themselves, in substance, as follows: that they would convey the property described to the defendant "at any future time" when they, the plaintiff and her son,"may elect." The agreement, after prescribing the manner in which payment of the purchase price should be made, further stipulated that the defendant should pay the cost of any substantial improvements made upon the buildings on the property, in case the plaintiff should sell. The agreement then concludes as follows: "Meaning and intending hereby to give to the said A. R. Carrano the option upon the purchase of said property, if said parties of the first part [the plaintiff and her son] at any time should desire to sell said property."

This agreement was signed only by the plaintiff and her son, and was recorded in the land records of Hartford by the defendant. The defendant, at the same time, made another agreement, stipulating in substance that if the plaintiff and her son should convey to him the property described within one month from

date, he would return to the plaintiff $200, or the sum of $100 if the property was conveyed to him in two months from date. Shortly after these agreements were made the plaintiff purchased her son's interest in the property and it was conveyed to her. The trial court held that the plaintiff was obligated to sell her property to the defendant for $11,200 if she desired or elected to sell it at any time during her life.

*John T. Robinson*, for the appellant (plaintiff).

*Ralph O. Wells*, for the appellee (defendant).

SHUMWAY, J. The agreement made by the plaintiff is one which cannot correctly be defined as a bond conditioned to convey real estate, nor as an agreement to convey; and possibly, strictly speaking, not even as an agreement to sell the property named at the option of the defendant. The agreement, appearing in the record as Exhibit C, in form is like a bond without penalty, but, however, containing an agreement to convey the property whenever the plaintiff should "elect" to do so. It appears that whatever the parties had in mind, it was put into apt and clear language in the final sentence of the document, as follows: "Meaning and intending hereby to give to the said A. R. Carrano the option upon the purchase of said property, if said parties of the first part at any time should desire to sell said property." The only meaning of this language is that the defendant could purchase the property if he so desired for $11,200, if at the same time the plaintiff desired to sell the property at that price. Thus was created a double option, a promise on the part of the plaintiff to sell the property at her option to the defendant at his option. It is manifest that an agreement of this kind is one which neither party can

enforce, either by an action for specific performance or by compensation in damages for its breach, unless the plaintiff elected to sell and the defendant elected to buy at the same time. No court would attempt to order the plaintiff to elect to sell or to give the defendant damages for her failure to so elect. In a Kentucky case, *Magoffin* v. *Holt*, 1 Duv. (62 Ky.) 95, it was held that an agreement to purchase land at the election of the owner was the counterpart of an agreement by the owner to sell at the election of the buyer, and that the rules governing the two agreements were substantially the same. There is no good reason why this should not be the rule. In this case there is no agreement by the defendant to purchase even if the plaintiff elects to sell. How much more potent the reason that the plaintiff should have the right to avail herself of any privilege that the law gives in making her election, either to sell or not to sell. In the case of an absolute agreement to sell at the option of the purchaser, if no time is mentioned within which the choice is to be made, it is the law that the option must be exercised within a reasonable time. That the parties themselves did not contemplate that the agreement was one which bound the plaintiff to sell her property to the defendant for $11,200, if at any time during her life she desired to sell, irrespective of its value at the time she might entertain the desire to sell, is apparent from the agreement, Exhibit D, in the record. The plaintiff had paid the defendant $500 to be released from her agreement of December 26th, 1907. This sum was received by him in full payment and satisfaction of the damages he had sustained by reason of the nonperformance of the plaintiff's contract. The defendant thereupon agreed, in case the plaintiff elected to sell the property to him within one month, to return $200 of the amount received, and in case she elected to convey the

property to him within two months, to return $100. It is not unreasonable to infer that the parties at that time understood that if the plaintiff did not elect to sell the property within two months, it might be considered as the exercise of her right to elect not to sell the property for $11,200 to any one. In all contracts to convey property, at the option of the buyer or the seller, time is the essence of the agreement, and it would be unreasonable to hold that the plaintiff could not, during her lifetime, exercise her right not to sell, and at the same time, if she had agreed to sell the property at the defendant's option, that such option must be exercised by the defendant within a reasonable time.

The plaintiff had a right to elect not to sell her property for $11,200. The defendant acquired no right beyond the privilege of purchasing if the plaintiff elected to sell, for the price named, and after the lapse of nine years it is to be presumed that she made the choice and elected not to sell. The agreement, therefore, has no longer any effect or validity.

There is error, the judgment is set aside and the Superior Court is directed to render judgment cancelling the agreement Exhibit C and discharging the plaintiff's property of all incumbrance or liens by reason thereof.

In this opinion the other judges concurred.