WILLIAM J. WILSON ET AL. *v.* GEORGE DEGENARO

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued June 5—decision released July 8, 1980

*Ross S. Rapaport,* for the appellant (defendant).

*Miles F. McDonald, Jr.,* for the appellees (plaintiffs).

PER CURIAM. The plaintiffs brought this cause of action seeking, inter alia, a permanent injunction against the defendant and damages claimed to have been caused by the defendant in widening a right-of-way through their property. The parties agreed that the sole issue submitted to the court at the time of trial was "the width of the right-of-way or driftway."

The properties owned by the parties are located on an island known as Palmer's Island. The so-called right-of-way or driftway connects the island with the mainland over a tidal marsh area which at one time was made of oyster shells and debris. It is the claim of the plaintiffs, who are the successors in interest to the property formerly owned by Helen Louise Cornish, that the defendant widened the traveled portion of the right-of-way on several occasions and that prior to the commencement of this action he was actively engaged in attempting to subdivide and develop his property which required larger access rights than had previously existed.

The defendant argues that the easement must be determined by the language of the deed, and if that is ambiguous, the intent of the parties is to be ascertained from the situation of the property and the surrounding circumstances, which evidence an intent to reserve a suitable and convenient easement. The defendant also claims an easement at least twenty-five feet wide was intended since the deed contains a reservation for public utilities. The defendant further argues that there is no deed in his chain of title or evidence which defines the extent of his easement.

It is clear that a considerable amount of evidence was introduced in the course of trial which was considered by the trial court, which is the final judge of the credibility of the evidence and may accept, reject or disbelieve portions of it. *Robert Lawrence Associates, Inc.* v. *Palma Del Vecchio, Inc.*, 178 Conn. 1, 4, 420 A.2d 1142. From the voluminous evidence presented by the parties at trial the

court was justified in concluding as it did conclude unless the result it reached defied law and logic. *Feuer* v. *Henderson,* 181 Conn. 454, 460, 435 A.2d 1011.

We have reviewed all of the trial court proceedings and, after considering the arguments and briefs of the parties, we conclude there was no error in the appeal taken from the judgment which found the issues in favor of the plaintiffs and issued an injunction against the defendant, his agents, servants and employees. The lengthy and meticulous memorandum of decision filed by the trial court; *Wilson* v. *DeGenaro,* 36 Conn. Sup. 200, 415 A.2d 1334; fully discusses and answers the claims of the defendant. Because it would serve no useful purpose to reiterate them here, we formally adopt the trial court's decision as a statement of the facts and the applicable law.

There is no error.