LEONARD G. COHEN ET AL. *v.* MATTHEW MEOLA ET AL.

BOGDANSKI, C. J., PETERS, HEALEY, PARSKEY and ARMENTANO, JS.

Argued April 8—decision released May 12, 1981

*Thomas F. McDermott, Jr.,* for the appellants-appellees (defendants).

*Thomas A. Rouse* and *Robert B. Fawber,* for the appellees-appellants (plaintiffs).

PER CURIAM. This is an action to enforce a right of first refusal contained in a three-month lease. The plaintiffs, Leonard G. Cohen and Joan Cohen, sued the defendants, Matthew Meola and Josephine Ann Meola, seeking both specific performance and damages. From a judgment ordering specific performance and awarding the plaintiffs damages, the defendants have appealed. The plaintiffs have cross appealed with regard to other items of damages to which they claim to be entitled.

The underlying facts found by the trial court are not in dispute. On May 20, 1978, the defendants leased to the plaintiffs their lakefront house and property in New Milford for the period from June 2, 1978, through September 10, 1978. The lease con-

tained the following clause, "Tentants (sic) to have first right of refusal before the house is sold to anyone else." During the term of the lease, on July 14, 1978, the defendants entered into a written contract to sell the property to Laurens and Shirley Waymouth for $75,000. The Waymouth contract specifically acknowledged that it was subject to the plaintiffs' right of first refusal. The plaintiffs were informed of the Waymouth contract but were told that if they intended to purchase the property the price would have to include an additional amount for a brokerage commission to the realtor who had negotiated their lease. The plaintiffs insisted on their right to a contract containing, except for some express waivers, precisely the same conditions as those contained in the Waymouth contract. The defendants refused and this litigation ensued.

On their appeal, the defendants raise five claims of error. Three of these relate to the sufficiency of the evidence before the trial court, and will be treated jointly below. Before we reach these questions, two others merit a brief response.

The defendants' first claim of error asks us to review the action of the trial court, *Covello, J.,* in denying the defendants' motion to strike the plaintiffs' complaint on the ground that the claims were barred by the rule against perpetuities and the statute of frauds. The issues raised in the motion to strike were reargued, and evidence relating thereto was heard, when the case came on the merits before the trial court, *Borden, J.* Having heard the case in full, the court again ruled against the defendants. On this record it would serve no useful purpose for us to review separately the denial of the motion to strike without regard to the evidence presented at

the trial. In other claims of error, the defendants have adequately preserved their right to review of the underlying questions. The denial of the motion to strike has, in effect, become moot. See *Hartwell* v. *Watertown,* 123 Conn. 657, 659–60, 197 A. 755 (1938); *Mechanics' Bank* v. *Woodward,* 74 Conn. 689, 691, 51 A. 1084 (1902).

The defendants also claim error in the trial court's admission into evidence of an exhibit written by Janet Bodah, who was an employee of the real estate agency that had negotiated the lease between the parties. The defendants' argument that this exhibit was improperly admitted is premised upon their assertion that Janet Bodah was acting outside the scope of her authority as the defendants' agent. Whether a person is an agent and whether as agent, she is acting within the scope of her authority, are questions of fact. *Botticello* v. *Stefanovicz,* 177 Conn. 22, 26, 411 A.2d 16 (1979); *Conte* v. *Dwan Lincoln-Mercury, Inc.,* 172 Conn. 112, 124, 125, 374 A.2d 144 (1976); *Cleaveland* v. *Gabriel,* 149 Conn. 388, 394–95, 180 A.2d 749 (1962). Our review of the evidence in the record leads us to conclude that the trial court's decision to admit this evidence was not clearly erroneous.

The remaining claims of error relate to the sufficiency of the evidence before the court to establish that the parties had entered into a valid and binding agreement, that the plaintiffs were ready, able and willing to perform, and that the remedies awarded were appropriate. Our review of the briefs and the record establishes that there was no error. The lengthy and detailed memorandum of

decision filed by the trial court; *Cohen* v. *Meola*, 37 Conn. Sup. 27, 429 A.2d 152 (1981); fully addresses and answers these claims.

The plaintiffs' cross appeal asserts the right to recover greater monetary damages than were awarded to them. As all of the parties recognize, and the trial court held, the determination of whether or not to award damages incident to specific performance, and the calculation of such damages, rests to a significant degree in the trial court's discretion. *Heyman* v. *CBS, Inc.,* 178 Conn. 215, 229, 423 A.2d 887 (1979); *Schneidau* v. *Manley,* 131 Conn. 285, 289, 39 A.2d 885 (1944). The trial court's memorandum of decision; *Cohen* v. *Meola,* supra; fully and persuasively spells out the factors that it considered in exercising its discretion to arrive at its award. We find no reason to overturn that exercise of discretion.

On the merits of the claims of both the defendants' appeal and the plaintiffs' cross appeal, we conclude that there was no error in the judgment from which the appeals were taken. Because of the comprehensiveness of the memorandum of decision filed by the trial court, we adopt the trial court's decision as a statement of the facts and the applicable law. Cf. *Wilson* v. *DeGenaro,* 181 Conn. 480, 435 A.2d 1021 (1980); *New Haven* v. *East Haven,* 177 Conn. 749, 750, 419 A.2d 349 (1979).

There is no error.