## MARY E. TERIS *v.* SHEARSON HAYDEN STONE, INC., ET AL.
## (3657)

DUPONT, C. J., SPALLONE and DALY, Js.

Argued November 6—decision released December 31, 1985

*William S. Rogers,* with whom was *Kevin McCann,* for the appellant (named defendant).

*Walter B. Schatz,* for the appellee (plaintiff).

SPALLONE, J. The named defendant[1] is appealing from a judgment in favor of the plaintiff after a trial to the court. The plaintiff brought the underlying action to recover damages she allegedly sustained as a result of the defendant's breach of a contract between the parties.

---

[1] The named defendant, Shearson Hayden Stone, Inc., is the successor corporation of the defendant Shearson Hammill & Co. Unless specifically noted, references to the "defendant" refer to both defendants.

The facts may be summarized as follows. As a brokerage firm, the defendant executed orders for customers in securities transactions. The plaintiff, sometime in 1965, began investing in securities with the defendant with whom she maintained a margin account. The plaintiff's account was nondiscretionary in that it did not allow the defendant to execute any securities transactions in her account without her prior approval.

On October 13, 1973, the plaintiff left for a vacation from which she returned on October 20, 1973. During her absence, the defendant charged the plaintiff's account for the purchase of certain options. The options were purchased on October 15 and October 18, 1973. The defendant charged a debit to the plaintiff's account in the amount of $18,284.71 for these options, of which $497.21 represented commissions payable to the defendant. The defendant, following its customary procedure, mailed confirmations of these transactions to the plaintiff which she found among her mail upon her return from her vacation. The plaintiff had not authorized these purchases. Upon finding the confirmations on October 22, 1973, she called the defendant's office and asked to speak to its employee, Joseph Bemer,[2] who had been handling her account. Because Bemer was not in the office, the plaintiff spoke to Henry Carulli who was then the defendant's operations manager and administrative supervisor of brokers. The plaintiff notified Carulli that she had received confirmation of the option purchases of October 15 and October 18, of which she had no previous knowledge and which she had not authorized. Carulli indicated that he would look into the matter and that he would have Bemer get back to her. Carulli checked the defendant's records and determined that the transactions had been made and that the plaintiff's account had indeed been

---

[2] This employee, a broker, left the defendant's employ sometime prior to the trial and was not presented as a witness at the trial.

charged for them. Carulli did not divest the plaintiff's account of the options nor did he return the plaintiff's phone call. He discussed the matter with Bemer who called the plaintiff and told her that the price of the option would increase but otherwise ignored her protestations that she had not authorized these option transactions. The defendant took no subsequent action with regard to the options which ultimately expired and became valueless.

On October 12, 1979, the plaintiff commenced this action for damages sustained by her because of the defendant's unauthorized purchases of options. The defendant answered and pleaded eleven special defenses. After a full trial, the court expressly rejected the special defenses as not having been proven and found for the plaintiff in the amount of $18,284.71, plus costs, but without interest.

The defendant's claims of error may be classified into three areas. First, the defendant contests the sufficiency of the evidence to support the court's findings that the defendant employer was liable for the acts of its employee and that the plaintiff had not ratified the purchases, and to support the court's findings as to damages. Second, the defendant contends that the court erred in the method by which it measured damages. Third, the defendant contends that the court abused its discretion in finding the equitable defense of laches, waiver and estoppel inapplicable.

The first category of the defendant's claims of error is, in essence, an attack upon the factual findings of the trial court. Whether Bemer was an agent of the defendant and whether as agent, he was acting within the scope of his authority, were questions of fact to be determined by the trier; *Cohen* v. *Meola,* 184 Conn. 218, 220, 439 A.2d 966 (1981); as were the court's findings that the transactions were neither authorized nor rati-

fied by the plaintiff, and its findings as to the amount of the damages recoverable by the plaintiff. When the factual basis of the court's decision is challenged, our function is restricted to determining whether the facts set forth in the memorandum of decision are supported by the evidence or whether the facts found are clearly erroneous in light of the evidence and the record as a whole. *Pandolphe's Auto Parts* v. *Manchester,* 181 Conn. 217, 221-22, 435 A.2d 24 (1980). The memorandum of decision focuses on the actions of the defendant as carried out by its agents. Implicit in the court's decision is a finding of the agency relationship itself. The court's factual findings as to the unauthorized and unratified purchases of options and the award of damages are amply supported by the evidence. In this case, our examination of the evidence and the record as a whole discloses that the factual findings of the trial court are not clearly erroneous.

The defendant's assertion that the measure of damages should be the cost of the options minus the amount that the plaintiff would have realized had she sold them within a reasonable time after discovery of the unauthorized purchase is without merit. The trial court found that the transactions were unauthorized and also found that they were never ratified by the plaintiff. The defendant's argument that the plaintiff never ordered them to sell the option is as unpersuasive as it is ironic. In effect, the defendant is arguing that it was never authorized to dispose of the unauthorized purchases. The trial court's conclusion that the damages resulting to the plaintiff were caused by the defendant's actions was a question of fact which the court resolved in favor of the plaintiff. The amount of damages found by the court was ascertainable through a readily determined mathematical process, was fully supported by the evidence and compensated the plaintiff for her loss. See *Vines* v. *Orchard Hills, Inc.,* 181 Conn. 501, 506-507, 435 A.2d 1022 (1980).

The defendant's final claim, that the court abused its discretion in finding the equitable defenses of laches, waiver and estoppel inapplicable, is without foundation in law or in fact.

This action, although brought some time after the defendant's conduct complained of by the plaintiff, was brought within the time parameters specified in the applicable statute of limitations. The trial court expressly rejected the equitable defenses raised by the defendant and stated it could find no facts to support those defenses. The court's finding that no prejudice befell the defendant must be sustained where, based on the evidence and the circumstances of the case, such findings were not clearly erroneous.

We conclude that there was ample evidence to support the trial court's factual findings as to liability and that its award of damages was properly assessed both as to the method by which the damages were arrived at and in the amount.

There is no error.

In this opinion the other judges concurred.