[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS FOR SUMMARY JUDGMENT OF DEFENDANTS HERMITAGE INSURANCE COMPANY AND CONTINENTAL AGENCY OF CONNECTICUT, INC.
As the defendants' motions for summary judgment involve the same transaction and involve similar issues, this memorandum will treat them together.
This is an action to recover insurance proceeds allegedly owing to plaintiff Route 156 Realty Company as a result of a fire which destroyed Swordfish Sally's Restaurant in Old Lyme, Connecticut. The plaintiff is the owner of the property which was destroyed. The property was leased by the plaintiff to Robert Gaines, the principal of Swordfish Sally's, who is not a party to this action. Defendant Hermitage Insurance Company insured the premises against fire. The fire insurance policy was placed by defendant Pequot Insurance Group through defendant Continental Agency of Connecticut, Inc., which was joined as an additional defendant.
Plaintiff's revised amended complaint alleges that plaintiff entered into a lease and rental agreement with Gaines which granted possession of the premises to him from April 1, 1988 through March 31, 1993. As additional rent under the lease, Gaines agreed to insure the premises for the benefit of the plaintiff against fire, extended coverage and public liability. Plaintiff was to be named on the policies as CT Page 3567 an additional named insured. Gaines obtained a fire insurance policy in the amount of $250,000.00 from defendant Hermitage, effective May 31, 1988. This, with the total insurance policy issued to Gaines, did not mention plaintiff or its interest in the insured property.
Pursuant to a change request dated June 30, 1988, defendant Pequot Insurance Group requested an amendment to the policy with defendant Hermitage to name plaintiff as an additional insured under the policy. This request was not mailed to defendant Continental until July 5, 1988. (See Deposition Testimony of Daniel Lewis, principal of Pequot, Exhibit C to Continental's Motion for Summary Judgment at pp. 34-35). On July 1, 1988, a fire destroyed the property owned by the plaintiff. Defendant Hermitage has failed to pay plaintiff for its loss.
Count one alleges breach of contract as to defendant Hermitage. Count two alleges breach of contract as to defendant Hermitage, and further alleges that defendant Pequot was the apparent agent of Hermitage, was duly authorized to act as such, and was performing within the course and scope of its employment or agency in carrying on and furthering the business interest of Hermitage. Count three alleges, in effect, that Hermitage was negligent in failing to timely process and produce the insurance policy, thus preventing the plaintiff from inspecting the policy for errors. The fourth and fifth counts, directed solely against defendant Pequot, allege breach of contract and negligence. Count six, directed to Hermitage and Pequot, alleges that the parties to the contract of insurance entered into the contract for the primary benefit of the plaintiff, and the breach of the contract has caused the plaintiff, the intended beneficiary, to sustain losses and damages as a result of the fire. Count seven, directed to defendant Continental, alleges that Continental provided insurance protection for plaintiff's property in South Lyme, which insurance was confirmed by Continental on or about June 13, 1988. It is further alleged that Continental effected the insurance with defendant Hermitage, and signed and issued the policy on behalf of Hermitage. Plaintiff alleges that Continental was the apparent agent, servant or employee of Hermitage, duly authorized to act as its agent, and was performing within the scope of its agency or employment in carrying on and furthering the business interest of Hermitage.
Defendants Hermitage and Continental now move for summary judgment, both arguing that they cannot be liable to the plaintiff because neither had knowledge of plaintiff's ownership interest in the insured property until after the CT Page 3568 loss occurred, and no agency relationship existed between them and Pequot so that Pequot's knowledge could be imputed to either of them.
 "The party moving for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which under applicable principles of substantive law, entitle him to judgment as a matter of law. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact."
Yanow v. Teal Industries, 178 Conn. 262, 268 (1979) (quoting Dougherty v. Graham, 161 Conn. 248, 250 (1971), ). A "material fact" is one which will make a difference in the result of the case. Id. The motion should be granted in the limited cases where "the evidence is such that no room for disbelief could exist in the minds of the jury. . . ." Id. at 268-69.
It is clear that there is a question of fact as to whether either or both Hermitage and Continental were in an agency relationship with Pequot and/or each other so that Pequot's knowledge of plaintiff's ownership interest in the insured premises should be imputed to them. "Whether a person is an agent and whether, as agent, (he) is acting within the scope of (his) authority, are questions of fact." Cohen v. Meola, 184 Conn. 218, 220 (1981). Neither of these defendants has sustained its burden of showing either that no agency relationship existed, or that is "quite clear what the truth is." Rather, the documents submitted by the parties do little to clarify the relationship among the parties. Because the question of agency is material to the disposition of this case and is a question of fact, both motions for summary judgment are denied.
TELLER, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 3571