[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARYJUDGMENT, ETC. RE QUALIFIED POLLUTION EXCLUSION
Plaintiff moves for partial summary judgment and requests an interpretation of the "Qualified Pollution Exclusion" (QPE) clause in various Comprehensive General Liability (CGL) policies issued by the defendant insurers for damage resulting from environmental liabilities imposed upon plaintiff.
Law
The question that the plaintiff presents is the interpretation of a clause in various insurance policies.
This court has already determined in its choice-of-law memorandum that only New York and Massachusetts substantive law was to be applied to the case.
Plaintiff seeks at least one exception to that ruling. Plaintiff wants this court to apply Connecticut law to the subquestion of public policy. It will. Jenkins v.Indemnity Ins. Co., 152 Conn. 245, 255.
I Agency
A. re Allstate
A substantial part of plaintiff's claim for interpretation of the QPE is based on the fact that insurance industry representatives made representations to various state insurance regulatory bodies as to how the QPE was to be interpreted. The court finds as a fact that Allstate's two predecessors, Northbrook Indemnity Company (NIC) and Northbrook Excess and Surplus Insurance Company (NES), never belonged to any of those industry representative organizations. Thus none of them was an agent of either NIC or NES and could not bind either insurance company. CT Page 9685
This court cannot find any intent on the part of Allstate's predecessors to adopt or ratify any representations made by any insurance industry group in regard to QPE.
B. re Member Companies
Agency is a question of fact. Cohen v. Meola,184 Conn. 218, 220.
"[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." Beckenstein v. Potter Carrier, Inc., 191 Conn. 120, 133 quoting Botticello v.Stefanovicz, 177 Conn. 22, 25.
The proof of the agency relationship must encompass evidence that the relationship existed at the time of the claimed agent's action in "the undertaking." Scott v.Crane, 1 Conn. 254a, 259; Long v. Shull, 184 Conn. 252, 256
(power ends at death of principal); Di Blasi v. Di Blasi,114 Conn. 539, 542-543. That is a factual matter that this court cannot now decide based on the affidavits.
II Sudden and Accidental
"Sudden" is basically a temporal concept. An event such as a boxer's punch is sudden but it is to be expected.
Plaintiff in reading the QPE clause, with its exception seems to fuse "occurrence", "gradual", "accident" and "damage" into one concept. It is the event — the occurrence — the accident which must be sudden. The damages may be gradual. An accident may suddenly ruin the structural integrity of a dam but the dam may not leak at all for weeks and when it begins to leak it may be slow and only gradually increase to the point where damage to others occurs. Thus the accident was sudden and the damages gradual. The clause does not exclude such a situation from coverage.
II Motion
CT Page 9686
The plaintiff really seeks a declaratory judgment within this declaratory judgment action. C.G.S. 52-29
reads as follows:
 Sec. 52-29. Superior court may declare rights and legal relations. (a) The superior court in any action or proceeding may declare rights and other legal relations on request for such a declaration, whether or not further relief is or could be claimed. The declaration shall have the force of a final judgment.
 (b) The judges of the superior court may make such orders and rules as they may deem necessary or advisable to carry into effect the provisions of this section.
First, a declaratory judgment complaint "must contain allegations sufficient to show that the plaintiff is entitled to the declaratory judgment sought." Redmond v.Matthies, 149 Conn. 423, 426. The prayer for relief must "state with precision the declaratory judgment desired." Conn. Prac. Book § 391(b). Plaintiff did not state its question here presented in its prayer for relief.
Motion is denied.
N. O'Neill, J.