[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#108)
The plaintiff, Companion Mortgage Corporation, commenced this action on September 28, 1999, against the defendants, Donna Oliver and Trina Hardy-Bowie (debtors), to foreclose a mortgage on property located at 450 Clubhouse Road, Lebanon, Connecticut. The complaint alleges that the debtors mortgaged the premises to the plaintiff's predecessor in interest, NF Investments, Inc., on October 1, 1998, as security for a promissory note in the amount of $127,500. The plaintiff alleges that it is the current holder of the note by virtue of an assignment from NF Investments, Inc. The plaintiff further alleges that the debtors defaulted on their mortgage payments for January 1, 1999, and each month thereafter, and have failed to cure the default. The plaintiff's mortgage was recorded on October 2, 1998, in volume 176 at page 729.
MA Investments LLC and Murray Ostrager (MA) are also named as defendants in this action by virtue of a mortgage agreement they entered into with the debtors on October 1, 1998. The complaint alleges that the debtors mortgaged the same premises to MA as security for a promissory note in the amount of $22,500. The MA mortgage was recorded on October 2, 1998, in volume 176 at page 735. CT Page 6709
On February 8, 2000, a default was entered against the debtors for their failure to disclose a defense. To date, the debtors have failed to file an answer or any special defense to this action.
On February 14, 2000, MA filed an answer and a special defense. The special defense alleges that the interest held by MA is prior in right to the plaintiff's mortgage.
On October 31, 2000, the plaintiff filed a motion for summary judgment against MA on the ground that there is no genuine issue of material fact as to the priority of the plaintiff's mortgage over the mortgage held by MA and argues the plaintiff is entitled to judgment as a matter of law that its mortgage is prior in right to that of MA. On December 22, 2000, MA filed an objection and memorandum of law. On January 4, 2001, the plaintiff filed a reply brief. Oral argument was heard on the plaintiff's motion on January 22, 2001.
 DISCUSSION 
"The standard of review of a court's decision granting a motion for summary-judgment is well settled. . . . Practice Book § 17-49
provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A `material fact' is a fact that will make a difference in the result of a case. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) River Dock Pike, Inc. v. Ins. Co. of North America, 57 Conn. App. 227, 231,747 A.2d 1060 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted.) Rivera v. Double A Transportation, Inc., 248 Conn. 21,24, 727 A.2d 204 (1999). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . ." (Internal quotation marks omitted.) Serrano v.Burns, 248 Conn. 419, 424, 727 A.2d 1276 (1999).
The plaintiff's motion for summary judgment is limited to a determination of the priority of the mortgages held by the plaintiff and MA, it does not involve the plaintiff's claims against the debtors. It is proper for the court to consider this motion for summary judgment CT Page 6710 limited to the claim of the plaintiff against one of the party defendants. Practice Book § 17-44[1] (any party may move for summary judgment on its claim at any time, except in certain administrative appeals); see also New England Savings Bank v. VillageBrook Plaza, Superior Court, judicial district of New London, Docket No. 515344 (January 4, 1991, Leuba, J.) (deciding the priority of competing mortgages in connection with a motion for summary judgment without determining the rights of the mortgagors); CTB Realty v. 2405 WhitneyAve. Association, Superior Court, judicial district of New Haven, Docket No. 351473 (April 27, 1994, Celotto, J.) (granting plaintiff's motion for summary judgment on issue of priority of mortgage after all other defendant's defaulted); RJB Contracting, Inc. v. HI-G Comnany Inc., Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 466682 (November 28, 1995, Arena, J.) (rendering summary judgment in foreclosure action on the priority of the mortgages without addressing the merits of the underlying foreclosure action).
The special defense asserted by MA alleges that its mortgage is prior in right to the plaintiff's mortgage. Specifically, MA argues that it had an agreement with the plaintiff on the day the mortgages were executed whereby MA's mortgage was to be recorded first. MA argues that the court should find that its mortgage has priority because it relied on the plaintiff's agent to record the documents according to the agreement.
The plaintiff argues that MA's special defense is insufficient as a matter of law. Specifically, the plaintiff argues that the mortgage document entered into by MA and the debtors indicates that the plaintiff's mortgage has priority over the MA mortgage. The mortgage document states that MA's mortgage is "[s]ubject to a first mortgage deed of even date hereof as of record appears." (1/4/01 Plaintiff's Memorandum, Exhibit A.)
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999); see also Practice Book § 10-50. If the underlying claim is valid and the special defenses are not supportable, the court can grant summary judgment on the plaintiff's behalf. Mechanics Savings Bank v.Walker, Superior Court, judicial district of Hartford at Hartford, Docket No. 500701 (March 13, 1995, Corradino, J.) (14 Conn.L.Rptr. 129).
In Connecticut property rights are based on land records and "[i]t is elementary that nothing should be allowed to weaken the effectiveness of that system of records. . . . To act otherwise would invite chaos. . . ." CT Page 6711Wilson v. DeGenaro, 36 Conn. Sup. 200, 207, 415 A.2d 1334, aff'd,181 Conn. 480, 435 A.2d 1021 (1980). "The law relating to the priority of interests has its roots in early Connecticut jurisprudence. A fundamental principle is that a mortgage that is recorded first is entitled to priority over subsequently recorded mortgages provided that every grantee has a reasonable time to get his deed recorded." Independence OneMortgage Corporation v. Katsaros, 43 Conn. App. 71, 73, 681 A.2d 1005
(1996). In this instance, it is not disputed that the land records clearly reveal that the plaintiff's mortgage was recorded first. The presumption, therefore, is that the plaintiff's mortgage takes priority over MA's mortgage with the debtors.
MA's argument that the plaintiff violated an agreement by recording its mortgage first is unavailing because the plaintiff has submitted to the court a copy of the mortgage document that MA entered into with the debtors which clearly and unambiguously indicates that MA's mortgage is subject to the plaintiff's mortgage. Where "the parties have their agreement in writing, their intention is to be determined from its language and not on the basis of any intention either may have secretly entertained." (Internal quotation marks omitted.) Sturman v. Socha,191 Conn. 1, 10, 463 A.2d 527 (1983); see CHFA v. John Fitch CourtAssociates Ltd. Partnership, 49 Conn. App. 142, 147, 713 A.2d 900, cert. denied, 247 Conn. 908, 719 A.2d 901 (1998). Any evidence of the understanding of the parties, prior to the execution of the mortgage document, in favor of MA, is immaterial because such evidence is barred by the parol evidence rule. LR Realty v. Connecticut National Bank,53 Conn. App. 524, 538-39, 732 A.2d 181, cert. denied, 250 Conn. 901,734 A.2d 984 (1999).
Because MA's special defense fails as a matter of law, there is no genuine issue of material fact as to the priority of the plaintiff's mortgage over that of MA's. Therefore, the court grants the plaintiff's motion for summary judgment as to its claims against MA.
Martin, J.