ELLEN BERTY *v.* DENNIS GORELICK ET AL.

DENNIS GORELICK ET AL. *v.* EMILY MONTANARO
(AC 16455)

Lavery, C. J., and Foti and Pellegrino, Js.

Argued May 2—officially released July 25, 2000

*Mark M. Kratter,* for the appellant (named defendant in the first case, named plaintiff in the second case).

*Carolyn R. Linsey,* with whom, on the brief, was *Susan E. Stauder,* for the appellee (substitute plaintiff in the first case, defendant in the second case).

*Opinion*

LAVERY, C. J. Dennis Gorelick, the named defendant in the first case, the named plaintiff in the second case,[1] appeals from the judgment of the trial court in these consolidated cases[2] in which the substitute plaintiff in the first case, the defendant in the second case, Emily Montanaro, executrix of the estate of the named plaintiff in the first case, Ellen Berty,[3] was awarded $147,712.06 plus costs in connection with her claims of conversion, breach of fiduciary duty and undue influence. On appeal, Dennis Gorelick claims that the court improperly (1) found that he owed a fiduciary duty to Berty, (2) placed the burden of proof on him to show that he did not breach his fiduciary duties to Berty and (3) failed to credit certain evidence presented at trial. We affirm the judgment of the trial court.

---

[1] Dennis Gorelick is a party to this appeal in both his personal capacity and his capacity as trustee. Glen Gorelick, the other defendant in the first case and plaintiff in the second case, is not a party to this appeal.

[2] On September 23, 1993, Ellen Berty, the late grandmother of Dennis Gorelick and Glen Gorelick, filed a four count complaint against the Gorelicks. Berty alleged two counts of conversion, one count of breach of fiduciary duty against Dennis Gorelick individually, and one count of fraudulent conveyance against Dennis Gorelick and Glen Gorelick as trustees.

On February 14, 1994, Glen Gorelick and Dennis Gorelick filed a two count amended complaint against Emily Montanaro, the executrix of Berty's estate, who thereafter was substituted as the plaintiff in the other action after Berty's death. In the first count, the Gorelicks claimed that Montanaro had used undue influence to induce Berty to transfer to Montanaro money that Dennis Gorelick claimed rightfully was his. In the second count, the Gorelicks alleged that Montanaro had wrongfully induced Berty to file a frivolous lawsuit against the Gorelicks. At the conclusion of the trial, the Gorelicks withdrew count two of their amended complaint.

[3] When Berty died, Montanaro moved to substitute herself as the plaintiff in the first case. The motion was granted by agreement on September 5, 1995.

The following facts are relevant to this appeal. Glen Gorelick and Dennis Gorelick are the grandsons of the original plaintiff in the first case, Ellen Berty, now deceased. Montanaro is the daughter of Berty. In its memorandum of decision, the trial court stated: "On April 19, 1976, Berty conveyed 487-491 Grand Street in Bridgeport to Dennis Gorelick, retaining a life estate in the property for herself. At the same time, Dennis Gorelick executed a deed conveying a half interest in the property to Glen Gorelick, which deed was never recorded. Berty resided on the first floor of her property until the illness in October, 1993, resulting in her death. The second floor was occupied by tenants. On May 28, 1993, Dennis Gorelick transferred his interest in the property to himself as trustee for his children and to Glen Gorelick in trust for his children. From 1987 to 1993, Dennis Gorelick assisted Berty in her financial transactions, and was a joint account holder with Berty on savings accounts, checking accounts, money market accounts and certificates of deposit. Between 1990 and 1993, Dennis Gorelick withdrew approximately $147,712.06 from Berty's bank accounts for the personal use of himself and Glen Gorelick.

"On December 17, 1992, Berty wrote a blank check to Montanaro, which Montanaro used to withdraw the $41,133.98 contained in [a checking] account. Montanaro set up a joint account with Berty at another bank, and the same day Berty wrote two checks to Montanaro from the account totaling $25,000. On March 5, 1993, Montanaro and Dennis Gorelick were appointed co-attorneys-in-fact for Berty."

On September 23, 1993, Berty filed a four count complaint against the Gorelicks, alleging two counts of conversion, one count of breach of fiduciary duty against Dennis Gorelick individually, and one count of fraudulent conveyance against Dennis Gorelick and Glen Gorelick as trustees. On October 19, 1993, Berty died and

Montanaro was appointed executrix of her estate. On February 14, 1994, Glen Gorelick and Dennis Gorelick filed a two count amended complaint against Montanaro. The first count alleged that Montanaro had used undue influence to induce Berty to transfer to Montanaro money that Dennis Gorelick claimed rightfully was his. The second count alleged that Montanaro had wrongfully induced Berty to file a frivolous lawsuit against the Gorelicks.

On August 9, 1996, the court rendered judgment in the first case in favor of Montanaro in the amount of $147,712.06 plus costs on her claims of conversion, breach of fiduciary duty and undue influence, and in favor of the Gorelicks on Montanaro's claim of fraudulent conveyance.[4] The court rendered judgment in the second case in favor of Montanaro on the Gorelicks' claims against her of undue influence. This appeal followed.

I

Dennis Gorelick (Gorelick) contends on appeal that the court improperly concluded that he had a fiduciary relationship with Berty. We need not address this claim on its merits because in his answer to Montanaro's amended complaint, Gorelick admitted without qualification the allegation that he "owed a duty to Ellen Berty to represent her interests, financial and otherwise, as a fiduciary." This admission ends the matter. "An admission in a defendant's answer to an allegation in a complaint is binding as a judicial admission. . . . An admission in pleading dispenses with proof, and is equivalent to proof. . . . It is the full equivalent of uncontradicted proof of these facts by credible witnesses . . . and is conclusive on the pleader." (Citations omitted; internal quotation marks omitted.) *Days*

---

[4] Montanaro has not appealed from the judgment in favor of the Gorelicks on her claim of fraudulent conveyance.

*Inn of America, Inc.* v. *161 Hotel Group, Inc.*, 55 Conn. App. 118, 126, 739 A.2d 280 (1999); see *Connecticut Hospital for the Insane* v. *Brookfield*, 69 Conn. 1, 4, 36 A. 1017 (1897).

Gorelick contends that because other paragraphs in the amended complaint refer to him as attorney-in-fact and grandson, his admission of a fiduciary relationship with Berty applied only when both conditions existed. Neither the allegation in the amended complaint discussed previously nor its corresponding answer, however, stated any limitation.

"Pleadings should be direct, precise and specific. . . . The court should not have to mathematically dissect the pleadings in order to understand them." (Citation omitted.) *Vigue* v. *John Hancock Mutual Life Ins. Co.*, 147 Conn. 305, 306, 160 A.2d 484 (1960). An admission by answer carries all reasonable implications of fact and legal conclusions arising from it. *Guiel* v. *Barnes*, 100 Conn. 737, 743, 125 A. 91 (1924). We will not torture the ordinary meaning of pleadings to reach the result a party wants and do not accept the limitations the defendant attempts to place on his admission. Accordingly, the court correctly determined that Gorelick owed a duty to represent Berty's interests as a fiduciary.

II

Gorelick next contends that the court improperly placed on him the burden of proof to show that he did not breach Berty's trust and confidence in dealing with her as a fiduciary. We disagree.

When issues on appeal involve questions of law, this court reviews those claims de novo. *Miles* v. *Foley*, 54 Conn. App. 645, 648, 736 A.2d 180 (1999), aff'd, 253 Conn. 381, 752 A.2d 503 (2000). Our de novo review reveals that the court properly followed our case law

by placing the burden on Gorelick to show that he did not breach his fiduciary duties to Berty. "[A] fiduciary or confidential relationship is characterized by a unique degree of trust and confidence between the parties, one of whom has superior knowledge, skill or expertise and is under a duty to represent the interests of the other. . . . The superior position of the fiduciary or dominant party affords him great opportunity for abuse of the confidence reposed in him. . . . *Once a [fiduciary] relationship is found to exist, the burden of proving fair dealing properly shifts to the fiduciary.*" (Citation omitted; emphasis added; internal quotation marks omitted.) *Konover Development Corp.* v. *Zeller*, 228 Conn. 206, 219, 635 A.2d 798 (1994).

In other words, Gorelick had the burden to prove that he dealt fairly with Berty. See id. The court properly determined that he owed a fiduciary duty to Berty. Accordingly, the court also properly placed the burden on Gorelick to show that fair dealing occurred between him and Berty. We therefore agree with the court's allocation of the burden of proof.

### III

Gorelick also argues that the court improperly failed to give appropriate weight to evidence he submitted. We disagree.

"If the factual basis of the court's decision is challenged, our review includes determining whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Internal quotation marks omitted.) *Keefe* v. *Norwalk Cove Marina, Inc.*, 57 Conn. App. 601, 606, 749 A.2d 1219, cert. denied, 254 Conn. 903, 755 A.2d 881 (2000). "The court's findings of fact are binding on this court unless they are clearly erroneous in light of the evidence and the pleadings in the

record as a whole." *Breiner* v. *State Dental Commission*, 57 Conn. App. 700, 704, 750 A.2d 1111 (2000).

Ample evidence existed before the court that supports its conclusion that Gorelick breached his fiduciary duties to Berty. The court found that from 1987 until 1993, Gorelick assisted Berty with her financial transactions, and was a joint account holder with Berty on savings accounts, checking accounts, money market accounts and certificates of deposit. The court further found that between 1990 and 1993, Gorelick withdrew $147,712.06 without Berty's authorization.

Other testimony at trial, not explicitly mentioned in the court's memorandum of decision but contained in the trial transcript, pertains as well to Gorelick's misuse of Berty's funds.[5] For example, Gorelick admitted that he had forged Berty's name on at least two checks payable to himself that totaled approximately $19,477. Gorelick produced a written authorization to sign checks bearing Berty's signature, which an expert for Montanaro testified had been altered and cut down from its original size. The expert also testified on the basis of his examination of the state of dryness of the written ink that Berty's signature was written at a significantly earlier date than the written body of the document. Finally, the expert testified that another letter bearing Berty's signature exhibited signs of alteration and forgery.

As the court stated in its memorandum of decision: "The evidence demonstrates that because of the control exercised by Dennis Gorelick over Berty's financial affairs, because her various accounts were also in Den-

---

[5] Dennis Gorelick filed a motion for articulation, which was denied on August 26, 1996. On appeal, Gorelick's counsel conceded that he did not file a motion for review of the trial court's denial of the motion for articulation. See *Baron* v. *Planning & Zoning Commission*, 22 Conn. App. 255, 259, 576 A.2d 589 (1990) (burden of ensuring record sufficient for review rests with appellant).

nis Gorelick's name, and because of Berty's advanced age, physical and mental condition, Dennis Gorelick occupied a fiduciary position with respect to Berty. Furthermore, as such a finding shifts the burden to Dennis Gorelick, he has failed to prove by clear and convincing evidence that the withdrawals of the funds amounting to over $147,000 constituted gifts or were authorized by Berty. Accordingly, it is this court's finding that Dennis Gorelick breached his fiduciary duty toward Berty."

We need go no further. The function of our appellate courts is not to examine the record and see if the trier of fact could have reached a contrary conclusion. *Westport Taxi Service, Inc.* v. *Westport Transit District*, 235 Conn. 1, 14, 664 A.2d 719 (1995). "Simply put, we give great deference to the findings of the trial court because of its function to weigh and interpret the evidence before it and to pass upon the credibility of witnesses." (Internal quotation marks omitted.) *Hartford Electric Supply Co.* v. *Allen-Bradley Co.*, 250 Conn. 334, 346, 736 A.2d 824 (1999). The court's factual findings were not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.