[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#110)
This action arises out of the defendant's alleged default on payments due under the lease of a motor vehicle, which lease was assigned to the plaintiff. On July 17, 1997, the plaintiff, GE Capital Auto Lease, Inc., filed a one-count complaint against the defendant, Edwin L. Blackwell.
In the complaint; the plaintiff alleges the following facts. In December, 1989, the defendant leased an automobile from the plaintiff's assignor and the lease was subseguently assigned to the plaintiff. In October, 1992, the defendant defaulted in his payments under the lease. Thereafter, the plaintiff repossessed and resold the vehicle and applied the net proceeds from the resale, as well as the defendant's security deposit, against the accelerated balance to establish a deficiency balance. The plaintiff seeks to recover the balance plus costs and expenses.
On October 3, 2000, the defendant filed an answer to the complaint in which he admitted that he executed the lease and that the vehicle was repossessed, but he denied that he defaulted under the lease. The defendant also filed a special defense alleging the the plaintiff's action was barred under the notice provisions of the Connecticut Retail Installment Finance Act (RISFA), General Statutes § 36a-770 et seq. On November 7, 2000, the plaintiff filed a reply, in which it denied the allegations of the special defense.
On January 23, 2001, the defendant filed a motion for summary judgment on the plaintiff's complaint, accompanied by a memorandum of law in support thereof and the defendant's affidavit. On March 28, 2001, the CT Page 12398 plaintiff filed an objection to the motion for summary judgment, and a memorandum in support thereof.
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show thal there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
"[A] summary disposition . . . should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light mast favorable to thenonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted; emphasis in original; internal quotation marks omitted.) Millerv. United Technologies Corp., 233 Conn. 732, 752, 660 A.2d 810 (1995). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski, 206 Conn. 495, 500, 538 A.2d 1031
(1988). "The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence." (Internal quotation marks omitted.) Pion v. Southern New England Telephone Co.,44 Conn. App. 657, 663, 691 A.2d 1107 (1997).
The defendant contends that he is entitled to summary judgment because there is no genuine issue of material fact that the plaintiff failed to comply with the notice provisions of the Retail Installment Sales Finance Act. Specifically, the defendant contends that the plaintiff is prohibited from seeking the deficiency balance because the plaintiff failed to serve him with written notice of either its intent to retake the goods or, in the alternative, to serve him with notice of the unaccelarated sum due under the contract and the expenses of retaking and storage of the goods. The defendant contends that he is therefore entitled to judgment as a matter of law. In support of his argument, the defendant submits an affidavit in which he avers that he purchased the vehicle under a retail installment contract and the plaintiff failed to comply with the notice requirements of either General Statutes § CT Page 1239936a-785 (b) or § 36a-785 (c).
The plaintiff does not dispute the defendant's allegations that the plaintiff failed to comply with RISFA. Instead, the plaintiff contends that the notice provisions of the statute do not apply because the transaction between the parties was not a retail installment contract but, rather, a lease of a motor vehicle, and therefore not subject to RISFA. Thus the court must first determine whether there is a genuine issue of fact that the parties' transaction was subject to the notice provisions of RISFA.
General Statutes § 36a-785 sets out the procedure that a holder of a retail installment contract must follow in order to repossess goods after a retail buyer breaches the contract. This section provides, in pertinent part: "(a) Repossession. When the retail buyer is in default in the payment of any sum due under the retail installment contract . . . the holder of the contract may take possession thereof. . . ." General Statutes § 36a-785 (a). Subsections (b) and (c) detail the options the holder of a retail installment contract has as to notice to the buyer regarding repossession.[1]
According to the definitions section of the RISFA, the term `retail installment contract' "means any security agreement, as defined in section 42a-9-105 (1)(l),[2] made in this state, including one in the form of a mortgage, conditional sale contract or other instrument evidencing an agreement to pay the retail purchase price of goods, or any part thereof, in installments over a period of time and pursuant to which a security interest, as defined in section 42a-1-201 (37),[3] is retained or taken by the retail seller for the payment of the amount of such retail instalment contract. For purposes of this subdivision, "retail installment contract" does not include a rent-to-own agreement, as defined in section 42-240." General Statutes § 36a-770 (12).
The term `retail buyer' "means a person who buys or agrees to buy one or more articles of goods from a retail seller not for the purpose of resale or lease to others in the course of business and who executes a retail installment contract or an installment loan contract in connection therewith." General Statutes § 36a-770 (11). The term `retail seller' "means a person who sells or agrees to sell one or more articles of goods under a retail installment contract to a retail buyer." General Statutes § 36a-770 (14). From the language used in the statute, it is apparent that "the Retail Installment Sales Financing legislation applies to purchases of goods. There is nothing in the statutes to suggest that it applies to a lease agreement." BMW Financial Services, N.A., Inc. v.Samele, Superior Court, judicial district of Litchfield, Docket No. 72086 (February 20, 1997, Pickett, J.) (19 Conn. L. Rptr. 170). Moreover, there CT Page 12400 is no appellate authority in this state for the general proposition that the lease of a motor vehicle is equivalent to a retail installment sale, and therefore subject to the provisions of RISFA.
In several cases, judges of the Superior Court have recognized that the issue of whether a transaction is a sale or a lease is a question of fact which must be decided before the court can determine whether RISFA applies to the transaction. In each case, the agreement between the parties was entitled as a motor vehicle lease and, in each case, the court noted that the Supreme Court has stated that "[T]o distinguish a true lease from a security agreement in the guise of a lease by the ascertainment of the parties' intent . . . is often a difficult matter. . . . The question of intent of the parties to a contract is always one of fact for the trial court." (Internal citation omitted).Granite Equipment Leasing Corp. v. Acme Pump Co.,165 Conn. 364, 368, 335 A.2d 294 (1973).
For example, in Oxford Resources Corp. v. Burdo Painting, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 280005 (August 19, 1992, Lewis, J.) in ruling on a motion to strike the special defenses, including one alleging a violation of RISFA, the court, after noting that the agreement between the parties was entitled "Closed-End Truck Lease Agreement," stated "before a court can determine whether the parties intended to create a lease or an installment sales contract, and before the court can determine whether RISFA applies to the present case, the court must first determine whether the parties' agreement constitutes a security agreement. . . . Whether a lease is intended as security is to be determined by the facts of each case, however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security. . . ." (Internal citation omitted). Id. The court observed that the plaintiff's pleadings failed to address the issue of whether the agreement was intended as security, nor did they address the issue of whether the agreement constituted an ordinary lease or "an installment sales contract disguised as a lease. Where the legal grounds for a motion are dependent upon underlying facts which were not alleged in the movant's pleadings and which only could be proved by evidence that would be adduced at trial, the motion should be denied." (Internal citation omitted). Id.
In Fenwick Leasing Group v. Stalsburg Express, Superior Court, judicial district of Middlesex at Middletown, Docket No. 068712 (November 9, 1993, Walsh, J.) the court also denied the plaintiff's motion to strike the defendant's RISFA special defense to a complaint alleging breach of a motor vehicle lease agreement. Citing Oxford Resources Corp. v. BurdoPainting, supra, the court noted that the pleadings in the case before it also failed to provide sufficient facts for the court to determine the CT Page 12401 intent and purpose of the transaction, necessary factors "[I]n distinguishing a true lease from a security agreement in the guise of a lease. . . ." (Internal citation omitted). Fenwick Leasing Group v.Stalsburg Express, supra, Superior Court, Docket No. 68712; see alsoDelta Leasing Services Corp. v. Gentile, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 97669 (March 1, 1994, Lewis, J.).
In this case, in examining the evidence in the light most favorable to the plaintiff, as the court is required to do, it cannot be conclusively determined that there is no genuine issue of fact as to whether the parties' transaction was a lease or a retail installment sale. The pleadings put the matter squarely in issue; i.e., the plaintiff alleges that the transaction was a lease and the defendant alleges that it was a retail installment sale. In support of his theory of the transaction, the defendant offers his own affidavit in which he states that he purchased the vehicle pursuant to a retail installment contract, that the contract was assigned to the plaintiff, that the defendant repossessed the vehicle without first providing him with statutory notice notice and that the defendant's post-repossession notice did not allow him to redeem the vehicle for the unaccelerated amount due (Defendant's Memorandum, Exhibit B, ¶¶ 2, 4, 5, 6, 7.). This evidence is countered by the parties' agreement. This document provides for a forty-eight month lease of the vehicle (Defendant's Memorandum, Exhibit A.). The section of the agreement entitled "Purchase Option" provides, in relevant part, "If an amount does not appear on item 14 above, the Purchase Option is either not available or has not been chosen." There is no dollar amount filled in on line 14. In addition, in his answer to the complaint, the defendant admitted the allegations of paragraph one of the complaint which stated, inter alia, ". . . the defendant executed a lease. . . ." "An admission in a defendant's answer to an allegation in a complaint is binding as a judicial admission. . . . An admission in pleading dispenses with proof, and is equivalent to proof. It is the full equivalent of uncontradicted proof of these facts by credible witnesses . . . and is conclusive on the pleader." (Citations omitted; internal quotation marks omitted.). Bertyv. Gorelick, 59 Conn. App. 62, 65, 756 A.2d 856 (2000). cert. denied,254 Conn. 933, 761 A.2d 751 (2000).
Morever, neither party offers evidence on intent. Generally, "issues involving motive and intent are not properly resolved on a motion for summary judgment." (Internal citations omitted.) Union Trust Co. v.Jackson, 42 Conn. App. 413, 419, 420, 679 A.2d 421 (1996).
Accordingly, the defendant has failed to establish the absence of any genuine issue of fact. For the foregoing reasons, the court denies the defendant's motion for summary judgment. CT Page 12402
Further, the court denies the defendant's request for leave to move for an award of attorney's fees pursuant to General Statutes § 42-150bb. Pursuant to this section a condition precedent to such an award is a successful defense of an action by the consumer. This denial is without prejudice to the defendant to renew his request for an award of attorney's fees subsequent to a trial on the merits, if he meets the requirements of the statute at that time.
The Court
By Moran, J.