[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
I
 FACTS
On January 31, 2000, the plaintiff, Rita Rarey, filed a single count complaint against the defendant, Summit Hydropower, Inc. The complaint alleges that on or about July 1, 1998, the defendant, through its employees or agents, entered onto the plaintiff's property located in Lisbon, Connecticut, without her consent or knowledge, and cut down or damaged trees located on the premises. The complaint further alleges that, as a result of the defendant's actions, the scenic beauty of the plaintiff's property was greatly diminished, causing her to suffer pecuniary damages.
On March 24, 2000, the defendant filed an answer, special defenses, and counterclaims. By way of answer, the defendant admits that it entered onto the plaintiff's property during May of 1998, and admits that its employees trimmed brush and cut down small and medium-sized trees near the Aspinook Dam (dam). By way of special defenses, the defendant alleges, inter alia, that the defendant was granted the right, via an easement, to enter onto the plaintiff's property and remove shrubs and trees in the vicinity of the dam, for the purpose of maintaining the dam. By way of counterclaims, the defendant alleges nuisance for maintaining shrubbery near the dam and tortious interference for impeding with the defendant's right to maintain the dam.
On September 4, 2001, the defendant filed a motion for summary judgment and supporting memorandum as to the entire complaint, on the ground that the defendant had a right to enter upon the plaintiff's property by virtue of an easement to clear brush and trees for the purpose of maintaining the dam. Included with the memorandum were several deeds relating to the subject property (Exhibits A, B, and C), an affidavit of CT Page 3447 an employee of the defendant, Duncan Broatch (Exhibit D), and other supporting documents (Exhibits E, F and G), including the Connecticut regulations for dam safety inspection. The plaintiff did not file an opposition to the defendant's motion for summary judgment.
 II LAW
"An admission in a [party's] answer to an allegation in a complaint [or counterclaim] is binding as a judicial admission . . . An admission in pleading dispenses with proof, and is equivalent to proof . . . It is the full equivalent of uncontradicted proof of these facts by credible witnesses . . . and is conclusive on the pleader." (Internal quotation marks omitted.) Berty v. Gorelick, 59 Conn. App. 62, 65, 756 A.2d 856, cert. denied, 254 Conn. 933, 761 A.2d 751 (2000).
The defendant, in its answer, admits that it entered onto the plaintiff's property and cleared brush and trees. In its supporting memorandum for summary judgment, however, the defendant argues that it enjoyed an express easement to undertake such actions for the proper maintenance of the dam. In the alternative, the defendant argues that it enjoyed an implied easement by virtue of its flowage rights, as these actions are required by law. The defendant argues that summary judgment is appropriate because of the existing easement.
"[W]hether there is an express easement contained in the deed is a question of law . . ." McNeil v. Silverman, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. CV 00 0178460 (November 16, 2000, Hickey, J.) (29 Conn.L.Rptr. 91, 93). The plaintiff, in its answer to the defendant's counterclaims, admits that the defendant is an owner of an easement interest over the subject property, and that this easement grants the defendant the right "to enter upon the premises . . . for the purpose of repairing and/or maintaining the Aspinook Dam, so called." (Plaintiff's Answer to Counterclaim #104, First Count ¶¶ 9-10.) The plaintiff's admission is conclusive of the defendant's express easement right. See Berty v. Gorelick, supra, 59 Conn. App. 65.
Moreover, absent the plaintiff's admission, the defendant's express easement right is conclusively evidenced by the various deeds, submitted by the defendant, relating to the property.[1] Accordingly, the court finds that the defendant enjoyed an express easement to enter onto the plaintiff's land for the purpose of repairing and/or maintaining the dam.
The issue that is raised now on summary judgment, therefore, is whether CT Page 3448 the actions of the defendant, in removing brush and trees from the area surrounding the dam, constitutes "maintaining" the dam as intended by the easement. "To determine the nature of an easement created by deed, [the court] must discern the intention of the parties to the deed by considering the language of the deed, the situation of the property and the surrounding circumstances. [The court] give[s] the language of the easement its ordinary import where nothing in the situation or surrounding circumstances indicates a contrary intent . . . The meaning and effect of the reservation are to be determined, not by the actual intent of the parties, but by the intent expressed in the deed, considering all its relevant provisions and reading it in the light of the surrounding circumstances . . . and its interpretation present[s] aquestion of law." (Emphasis added; internal quotation marks omitted.)Hoffman Fuel Company of Danbury v. Elliott, 68 Conn. App. 272, 279-80,789 A.2d 1149, cert. denied, 260 Conn. 918, 797 A.2d 514 (2002). "In the construction of a deed or grant, the language is to be construed in connection with, and in reference to, the nature and condition of the subject matter of the grant at the time the instrument is executed, and the obvious purpose the parties had in view." (Internal quotation marks omitted.) Id.
To "maintain" is to "to keep in a state of repair . . . [to] preserve from failure or decline." Webster's Third New International Dictionary (3d Ed. 1986); see Wilson v. DeGenaro, 36 Conn. Sup. 200, 201,415 A.2d 1334 (1979) ("Courts look to the usual meaning of words in construing a deed"); see Wilson v. DeGenaro, 181 Conn. 480, 482,435 A.2d 1021 (1980) ("we formally adopt the trial court's decision as a statement of the facts and the applicable law"). The state of Connecticut regulates the maintenance of dams. See General Statutes §§ 22a-401
et. seq. Pursuant to subsection (c) of General Statutes § 22a-409, the commissioner of environmental protection shall inspect dams periodically, and is vested with the authority to adopt regulations which govern these inspections. The regulations established for the commissioner's inspection set forth, inter alia, the responsibility of the owners of dams with respect to maintenance. See Regs., Conn. State Agencies § 22a-409-2 (j).
Section 22a-409-2 (j) (6) of the Regulations of Connecticut State Agencies provides in relevant part: "To facilitate visual inspection during intervals between regularly scheduled inspections, the dam owner shall be required to maintain the structure and adjacent area free ofbrush and tree growth (A) Brush and tree growth shall be cleared from embankments and within twenty-five (25) feet of the downstream toe andthe abutment embankment contact . . ." (Emphasis added.) CT Page 3449
In considering the language of the deed, the obvious purpose of the easement as expressed in the deed, is to allow the easement holder the right of ingress and egress, but more importantly, the right to take any appropriate measures to preserve the structural integrity of the dam. SeeHoffman Fuel Company of Danbury v. Elliott, supra, 68 Conn. App. 280. It is axiomatic that this right of preservation would encompass compliance with state regulation and inspection protocol.
The affidavit of the defendant's employee, Duncan Broatch, states in pertinent part, "During the summer of 1998, Summit employees entered upon the property of [the defendant] and cleared trees and brush that were located within twenty-five (25) feet of the Aspinook Dam and embankment." (Exhibit D) Inasmuch as the plaintiff has neither filed an opposition to the defendant's motion for summary judgment nor proffered any evidence to counter this assertion, the court finds that no genuine issues of material fact exist. See Maffucci v. Royal Park Ltd. Partnership,243 Conn. 552, 554, 707 A.2d 15 (1998) ("`a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material facts together with the evidence disclosing the existence of such an issue' "). Therefore, the defendant is entitled to judgment as a matter of law. Accordingly, the defendant's motion for summary judgment is granted.
Foley, J.